FILED

2005 Aug-11  PM 02:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| Elizabeth Ann Johnson, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-2471-W |
| | ] | |
| Lowes Home Centers, Inc., | ] | |
| | ] | |
| Defendant(s). | ] | |
| | ] | |

## MEMORANDUM OF OPINION

**I.    Introduction.**

Presently before the court is an oral motion to remand, made by Plaintiff on August 11, 2005 in open court. Upon due consideration, and for the reasons that follow, the court is of the opinion that the motion is due to be granted.

**II.    Factual summary.**

Plaintiff filed her complaint against the Defendant in the Circuit Court of Walker County, Alabama.  Defendants removed this action pursuant diversity jurisdiction.  On this day, on the record and in open court, Plaintiff orally agreed to limit her recovery to no more than $74,999.00 under any

circumstances.   Through her attorney, in open court and on the record Plaintiff also represented that there was less than $75,000 in controversy, exclusive of interest and costs.  Defendant also represented the same to the court.

III.    Discussion.

This is a case in which subject matter jurisdiction will be founded, if at all, on diversity jurisdiction. *See* 28 U.S.C. § 1332. Therefore, the court must determine whether the parties are completely diverse, and whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  The amount in controversy does not exceed $75,000.00 exclusive of interest and costs.

IV.    Conclusion and Order.

In sum, the court is of the opinion that it does not have diversity jurisdiction over the claims against the defendant. Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the oral motion to remand is GRANTED.

Done this 11th day of August 2005.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE